UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES E. FISHER, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SUFFOLK BANCORP, et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:11-cv-05114-SJ-RML<br><br>CLASS ACTION<br><br>MEMORANDUM IN SUPPORT OF THE MOTION OF CITY OF SUNRISE POLICE OFFICERS' RETIREMENT PLAN  FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL |

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Suffolk Bancorp ("Suffolk" or the "Company") common stock between March 12, 2010 and August 10, 2011, inclusive (the "Class Period") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor City of Sunrise Police Officers' Retirement Plan ("City of Sunrise") hereby moves this Court for an order to: (i) appoint City of Sunrise as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve City of Sunrise's selection of the law firm of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel.

This motion is made on the grounds that City of Sunrise is the most adequate plaintiff, as defined by the PSLRA. City of Sunrise is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, City of Sunrise is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

As evidenced by the attached certification, City of Sunrise has suffered a substantial loss of $65,129.02 in connection with its purchase of Suffolk common stock during the Class Period. *See* Rudman Decl. Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any

---

[1]     References to the "Rudman Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Samuel H. Rudman dated December 19, 2011 and submitted herewith.

moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, City of Sunrise, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II. FACTUAL BACKGROUND[2]

Suffolk is a bank holding company with one direct wholly-owned subsidiary, Suffolk County National Bank (the "Bank"), a nationally chartered commercial bank, which operates 30 full-service offices throughout Suffolk County, New York, and the Company maintains its headquarters in Riverhead, New York.

The complaint charges Suffolk and certain of its officers and executives with violations of the Exchange Act. The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that defendants failed to disclose: (i) that the Company's financial results were artificially inflated due to the material understatement of Suffolk's loan loss reserves; (ii) that the Company's financial results were artificially inflated due to a failure to recognize its impaired assets; (iii) that the Company's internal and disclosure controls were materially deficient; and (iv) that, based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and growth.

On August 10, 2011, the Company issued a press release announcing its inability to file its quarterly results with the Securities and Exchange Commission ("SEC") on Form 10-Q and

---

[2] These facts are drawn from the allegations in the complaint in this Action.

reporting its expected results for the quarter ended June 30, 2011. In addition, on that date, the Audit Committee of the Company's Board of Directors concluded that Suffolk's previously issued financial statements as of and for the year ended December 31, 2010, the quarter ended December 31, 2010 and the quarter ended September 30, 2010, as reported in Suffolk's Annual Report on Form 10-K and Quarterly Report on Form 10-Q, respectively, "should no longer be relied upon due to an understatement of its allowance for loan losses in such periods." As a result of these disclosures, the price of Suffolk stock declined more than 11.3%, closing at $9.16 per share on August 10, 2011.

## III.   ARGUMENT

### A.   City of Sunrise Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the notice regarding the pendency of this Action to be published on *Business Wire*, a national, business oriented newswire service, on October 20, 2011. *See* Rudman Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the

- 3 -

interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. City of Sunrise Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. City of Sunrise Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u 4(a)(3)(A) and (B) expires on December 19, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on October 20, 2011), City of Sunrise timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

City of Sunrise has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Rudman Decl. Ex. C. In addition, City of Sunrise has selected and retained competent counsel to represent it and the class. *See* Rudman Decl. Ex. D. Accordingly, City of Sunrise has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. City of Sunrise is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. City of Sunrise, as an institutional investor with large amounts of money at stake, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id*. ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

### c. City of Sunrise Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rudman Decl. Ex. C., City of Sunrise purchased Suffolk common stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, City of Sunrise incurred a substantial loss of $65,129.02 on its transaction in Suffolk common stock. City of Sunrise thus has a significant financial interest in this case. Therefore, City of Sunrise satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.     City of Sunrise Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 11, 1997). City of Sunrise satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather*, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of

absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

City of Sunrise satisfies this requirement because, just like all other class members, it: (1) purchased Suffolk common stock during the Class Period; (2) purchased Suffolk common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, City of Sunrise's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of City of Sunrise to represent the class to the existence of any conflicts between the interests of City of Sunrise and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, City of Sunrise is an adequate representative of the class. As evidenced by the injuries suffered by City of Sunrise, who purchased Suffolk common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of City of Sunrise are clearly aligned with the members of the class, and there is no evidence of any antagonism between City of Sunrise's interests and those of the other members of the class. Further, City of

Sunrise has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, City of Sunrise's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, City of Sunrise *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**B.     The Court Should Approve City of Sunrise's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the City of Sunrise has selected the law firm of Robbins Geller as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action. *See* Rudman Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Moreover, Robbins Geller attorneys have served as lead counsel in hundreds of securities cases and have recovered over $45 billion for defrauded shareholders. These representations have resulted in: (i) the largest stock option backdating recovery: *UnitedHealth*, $925 million; (ii) the largest opt-out (non-class) securities litigation recovery: *WorldCom*, $651 million; and (iii) the largest merger and acquisition class action recovery: *Kinder Morgan*, $200 million.

## IV. CONCLUSION

For all the foregoing reasons, City of Sunrise respectfully request that the Court: (i) appoint it as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: December 19, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

- 9 -